■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PADILLA, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered August 25, 1989, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and two counts of criminal possession of a controlled substance in the third degree, and sentencing him as a second felony offender to concurrent terms of imprisonment of 6 to 12 years, unanimously affirmed.

The arresting officers, while leaving the building which was the subject of an unrelated investigation, observed defendant selling crack. Defendant and the purchaser were immediately apprehended. Fourteen blue-capped vials of crack were recovered from defendant's pocket, and one blue-capped vial was recovered from the other man. At trial, one of the officers testified that he initialled the top of each vial, placed all the vials in a sealed envelope, wrote his name on the flap of the envelope, and forwarded it to the police lab. The police chemist testified that she received the sealed envelope, on whose flap the arresting officer's name was written, extracted blue-capped vials of crack, and that the powder therein tested positive for cocaine. The chemist's lab records, however, did not indicate that the vials had been individually initialled. She also testified that ballpoint pen writing on crack vials does smudge.

Viewing the evidence in a light most favorable to the People (People v Allah, 71 NY2d 830, 831), defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. Whatever minor inconsistencies existed in the testimony of the police officers did not render their testimony incredible as a matter of law (People v Lozado, 157 AD2d 630), and we find no grounds to disturb the jury's findings of credibility on appeal (see, People v Montanez, 41 NY2d 53, 57). Nor was the verdict against the weight of the evidence. (People v Bleakley, 69 NY2d 490.)

Inconsistencies between police officer testimony and a lab report, while reflecting on the weight of the evidence, did not undermine the chain of custody (People v Newman, 129 AD2d 742). Similarly, there is no requirement that an officer initial vials, and the failure to do so goes to the weight of the evidence, and not to its admissibility (People v Cobb, 157 AD2d 664, lv denied 75 NY2d 917). The testimony at trial provided

reasonable assurances of an unbroken chain of custody, and that the vials had not been tampered with *(People v Donovan,* 141 AD2d 835, 836, *lv denied* 72 NY2d 1044).

Defendant's challenges to the court's instructions were unpreserved as a matter of law, and we decline to review them in the interest of justice. Concur—Rosenberger, J. P., Ellerin, Wallach, Ross and Smith, JJ.