■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN M. LANGLOIS, Appellant. [596 NYS2d 590] —Mikoll, J. P. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered October 23, 1989, upon a verdict convicting defendant of the crimes of driving while ability impaired, aggravated unlicensed operation of a motor vehicle in the third degree, resisting arrest and disorderly conduct.

Defendant was indicted for driving while intoxicated as a felony, aggravated unlicensed operation of a motor vehicle in the third degree, resisting arrest and disorderly conduct arising from an incident that occurred on or about October 15, 1988 in the Village of Malone, Franklin County. Defendant was convicted after a trial before a court and jury of all charges, except that he was acquitted of the driving while intoxicated charge and convicted of the lesser included offense of driving while ability impaired.

On this appeal defendant contends that the judgment should be reversed because of the ineffective assistance of his trial counsel, that he did not receive a fair trial and that the response of two jurors during voir dire of the jury indicated that they were not impartial jurors. We find defendant's contentions to be without merit. The judgment should be affirmed.

Defendant's argument that his trial counsel was ineffective in failing to object to "the frequent use of terms not in evidence" is not supported by the record. There was a basis for the prosecutor's references to two taverns, the Sleepy

Hollow Bar (marking the location where defendant's car was first observed by the arresting officer) and the Tavern Arms Hotel (across from which defendant parked his car). The two taverns were only one eighth of a mile apart. Nor did defense counsel's failure to challenge two jurors for cause on the ground that their responses indicated they were not fair and impartial demonstrate that counsel was ineffective. In each case the jurors clearly indicated by their final response that they would not give greater weight to the testimony of a police officer than to that of any other witness, thereby purging themselves of any taint of partiality. Neither County Court nor the defense erred in failing to exclude these jurors. There was no violation of the guidelines regarding impartiality set forth in *People v Brown* (111 AD2d 248) and there was no showing of bias on the level of that demonstrated in *People v Torpey* (63 NY2d 361), where the juror had an impression for several years that the defendant was a "hit man" associated with the Mafia and her negative opinion of him was such that it would "probably not" be fair to the defendant to have somebody with her state of mind on the jury *(see, supra,* at 367).

Defendant's final claim that he was improperly sentenced because his trial counsel did not inform County Court that he was indigent is also meritless. The probation report informed the court that defendant was not employed and defense counsel's remarks at sentencing referred to a $3,000 debt defendant owed on a loan he obtained to attend a course at an aircraft mechanic school which he did not complete and to defendant's inability to keep his family together. The sentence imposed was not shown to be improper in any respect.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.