[618 NYS2d 254]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LENTON IVEY, Appellant.

First Department, September 27, 1994

### APPEARANCES OF COUNSEL

*Elizabeth Buckley* of counsel, New York City *(Philip L. Weinstein* and *Debevoise & Plimpton,* attorneys), for appellant.

*Ellen Sue Handman* of counsel, New York City *(Eleanor J. Ostrow* on the brief; *Robert M. Morgenthau, District Attorney* of New York County, attorney), for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

Defendant was convicted, after a jury trial, of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), which required proof that "he knowingly and unlawfully possesse[d] * * * one or more preparations, compounds, mixtures or substances of an aggregate weight of two ounces or more containing a narcotic drug". Although he does not contest the finding that he possessed more than two ounces of a substance containing cocaine, defendant, relying on *People v Ryan* (82 NY2d 497), decided subsequent to his conviction and during the pendency of this appeal, argues that the trial evidence was legally insufficient because the People failed to establish that he had knowledge of the aggregate weight of the drugs he possessed. In *Ryan,* the Court of Appeals, interpreting the statutory "knowingly and unlawfully possesses" scienter element of drug possession crimes, held that it applies to the weight as well as to the nature of the controlled substance. Since defendant, as he acknowledges, never raised the issue at trial, it is unpreserved for appellate review and should be rejected.

Prior to *Ryan (supra),* in which the defendant made the particularized argument that there was insufficient evidence of his knowledge of the weight of the relevant drugs (82 NY2d, *supra,* at 501), it was generally accepted by the trial and intermediate appellate courts of this State, as well as prosecutors and defense lawyers, that there was no scienter requirement with respect to the weight element of a drug possession charge. *(See, e.g.,* 3 CJI[NY] PL 220.16 [8]-[13], at

1682.) In accordance with that view, the trial court in this case, in specifying the elements, charged the jury, *inter alia,* that the People had to prove, "[T]hird, that the defendant knowingly and unlawfully possessed such cocaine; and fourth, that such cocaine knowingly and unlawfully possessed by the defendant was of an aggregate weight of two or more * * * two ounces or more." There was no suggestion at any point in the charge that the scienter requirement of knowledge applied to the weight of the drugs.

Defendant never objected to the court's instruction on the weight element, either at the time of the charge-in-chief or at the time the court, responding to a jury note, repeated the elements. Absent an exception thereto, the error in a charge that improperly defines the elements of a crime is unpreserved as a "question of law". *(People v Dekle,* 56 NY2d 835, 837.) Having failed to register any objection to the charge, defendant should not now be heard to complain about any paucity of proof as to the scienter element with respect to weight. In that regard, the Court of Appeals has noted that there is no "due process violation when there is evidence from which a rational trier of fact could find the essential elements of the crime *as those elements were charged to the jury without exception* beyond a reasonable doubt. There is neither constitutional nor jurisprudential error in permitting guilt to be determined under a penal statute as construed by the common assumption of both attorneys and the court." *(People v Dekle, supra,* at 837 [emphasis in original]; *see also, People v Maldonado,* 192 AD2d 381, *lv denied* 81 NY2d 1076.)

In an effort to avoid the preservation problem, defendant, citing *People v Kilpatrick* (143 AD2d 1), in which this Court excepted claims of evidentiary insufficiency from the usual preservation requirement, fashions his arguments in terms of a challenge to the sufficiency of the evidence. In *Kilpatrick,* however, this Court emphasized that care must be taken "to distinguish a challenge addressed to the sufficiency of the evidence from one involving a claim of error in the trial court's charge or instructions to the jury." *(Supra,* at 2.) As this Court noted, the trial court in *Kilpatrick* had properly instructed the jury on the element of the crime as to which the evidence was found insufficient *(supra,* at 2). Thus, as both *Dekle* and *Kilpatrick* recognize, a true sufficiency challenge is presented only when the trial evidence is challenged as legally insufficient to establish the relevant crime as that crime was charged to the jury.

Thus, the issue now being raised with respect to the weight element turns not on the sufficiency of the evidence to allow the inference of scienter with respect thereto but rather on the plain fact that the court's charge never told the jury to consider the issue. That being so, defendant's failure to register any objection to the charge on that point or to request any jury instruction that would have directed the trial court's attention to his current complaint—that the People were required to, but did not, prove that he knew that the weight of the substance he possessed containing cocaine weighed two ounces or more—renders the claim unpreserved and forecloses this Court's consideration of it as a matter of law. (CPL 470.05 [2]; *see, e.g., People v James,* 75 NY2d 874.)

Nor should we reach the issue in the interest of justice since, had scienter been an issue at the trial, the People might well have been able to present their evidence in a way that would have satisfied that element of the crime. For instance, defendant's 1988 conviction for criminal possession of a controlled substance in the fourth degree might have been admitted to show that defendant was an experienced handler of drugs. *(See generally, People v Molineux,* 168 NY 264, 297; *see also, People v Jackson,* 39 NY2d 64, 68.) Other evidence, not reflected in this record, might also have been available. Rather than being served, the interest of justice would be frustrated if this Court were to reach defendant's belated claim that the People did not prove that he knew that the substance containing cocaine which he knowingly possessed weighed two ounces or more.

We have examined defendant's other contentions and find them to be without merit.

Accordingly, the judgment of the Supreme Court, New York County (Mary McGowan Davis, J.), rendered September 27, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second degree and sentencing him, as a predicate felony offender, to an indeterminate term of imprisonment of from six years to life, should be affirmed.

ELLERIN, J. (concurring). While I concur in the affirmance of defendant's conviction, I do so on the merits. Contrary to the position of the majority, I find that defendant's challenge to the sufficiency of the evidence regarding his knowledge of the quantity of drugs he possessed *(People v Ryan,* 82 NY2d 497) presents a question of law for review by this Court (CPL

470.15 [4] [b]), notwithstanding that defendant's motion for a trial order of dismissal did not specifically address the issue of knowledge of weight *(People v Kilpatrick,* 143 AD2d 1) and that the absence of an objection by defense counsel to the court's failure to expressly particularize this issue in the charge to the jury does not distinguish this case from *Kilpatrick* and its progeny *(see also, People v Cooper,* 204 AD2d 24 [decided herewith], and cases therein cited).

The majority bases its conclusion that the instant case is distinguishable from *Kilpatrick (supra)* on the decision of the Court of Appeals in *People v Dekle* (56 NY2d 835, 837; *see also, People v Gomez,* 67 NY2d 843). In *Dekle,* the Court held that defense counsel's failure to object to a jury charge which appellate counsel contended had provided an overly broad definition of the word "immediately", as used in the statutory requirement for robbery that force be used "immediately after the taking" (Penal Law § 160.00 [1]), foreclosed an argument on the law that the evidence was insufficient to establish that the force used during the theft was not within a more narrow definition.

However, in the instant case it is not the charge that is in issue but rather the *proof* necessary to establish the element of "knowingly and unlawfully" possessing a controlled substance in the second degree. (Penal Law § 220.18.) While there may have been a general misapprehension in the past as to the proof necessary to establish that element, the Court of Appeals in *People v Ryan* has made clear that to sufficiently establish the statutory element of *mens rea* it is necessary to show not only defendant's knowing possession of the controlled substance and knowledge of the nature of the possessed substance, but also knowledge of the weight of the material possessed (82 NY2d 497, 502-504, *supra).*

Since the defendant here is raising the issue of the insufficiency of the evidence to establish his guilt of criminal possession of a controlled substance in the second degree, this Court may address the issue, even in the absence of objection at the trial level, and may, where appropriate, reverse or modify the judgment on the law *(People v Kilpatrick, supra,* at 2-3).

Turning to the merits, upon a review of the record, I find that the verdict was neither based on insufficient evidence nor was it against the weight of the evidence. The prosecution met its burden of proving that defendant knew he possessed an aggregate weight of two ounces of cocaine, through evidence

that defendant had handled the substance, which weighed almost four ounces *(People v Ryan,* 82 NY2d, *supra,* at 505), thus permitting the jury to draw the rational inference that defendant knew the quantity of drugs he possessed *(see, People v Reisman,* 29 NY2d 278, 285-288, *cert denied* 405 US 1041). *Sua sponte,* leave to appeal to the Court of Appeals is hereby granted by Justice Rosenberger.

ASCH and NARDELLI, JJ., concur with SULLIVAN, J. P.; ROSENBERGER and ELLERIN, JJ., concur in a separate opinion by ELLERIN, J.

Judgment, Supreme Court, New York County, rendered September 27, 1991, affirmed. *Sua sponte* leave to appeal to the Court of Appeals is granted by Justice ROSENBERGER.