[618 NYS2d 261]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MARSHAL GORDON, Appellant.

First Department, September 27, 1994

MEMORANDUM.

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered December 12, 1991, convicting defendant, after jury trial, of criminal possession of a controlled substance in the fifth degree and sentencing him to 2 to 6 years' imprisonment, modified, on the law, by reducing the conviction to criminal possession of a controlled substance in the seventh degree, and sentencing defendant to a term of 1 year's imprisonment, and otherwise affirmed. *Sua sponte,* leave to appeal to the Court of Appeals is hereby granted by Justice Asch.

Defendant was arrested by undercover police officers who had observed him trafficking in crack cocaine on the street. At the time of arrest, defendant was in possession of 50 vials, which laboratory analysis later revealed contained 1,493 milligrams of 86% pure cocaine. The pure net weight of cocaine (i.e., 1,283 milligrams) was thus more than twice the 500 milligram threshold for criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). The jury acquitted defendant of two counts of criminal sale of a controlled substance in the third degree.

Conviction of this degree of criminal possession requires a showing of scienter with regard to the threshold weight of the substance as well as the unlawfulness of possession *(People v Ryan,* 82 NY2d 497). A statutory threshold in terms of pure weight requires a showing of knowledge of both the aggregate weight of the contraband and the purity of the substance. There is no evidence here, such as by negotiations on weight or potency, that would satisfy this requirement. Furthermore, *Ryan* must be retrospectively applied *(People v Cooper,* 204 AD2d 24 [decided herewith]). Even though no specific exception was made at trial with respect to this deficiency in the People's proof, the issue has nonetheless been preserved for our review *(People v Kilpatrick,* 143 AD2d 1). Concur—Murphy, P. J., Carro and Wallach, JJ. Sullivan, J., concurs in a memorandum and Asch, J., dissents in a memorandum as follows:

Sullivan, J. (concurring).

While I adhere to the views expressed in this Court's opinion in *People v Ivey* (204 AD2d 16 [decided herewith]) as to the lack of preservation by virtue of a defendant's acceptance of a charge excluding the scienter requirement from the weight element, I join in the modification. In its supplemental instructions, the court charged the jury that it had to find that the cocaine was "knowingly and unlawfully possessed by the defendant in a weight of five hundred milligrams or more" and that defendant "knowingly and unlawfully possessed an amount of cocaine in excess of 500 milligrams". Thus, the court, on no less than two separate occasions, properly applied the scienter requirement to the weight in accordance with the dictates of the statute. *(See, People v Ryan,* 82 NY2d 497.) Under a charge correctly applying the scienter requirement to the weight of the drugs, the evidence was clearly insufficient to satisfy this element of the crime and a modification is in order.

Asch, J. (dissenting).

I would affirm the conviction herein. While I agree with Justice Sullivan, in his concurrence, that the jury was properly charged as to the "scienter" requirement with respect to the weight element in accordance with the statute *(see, People v Ryan,* 82 NY2d 497), I believe that the evidence was sufficient to satisfy the element of defendant's "knowing" unlawful possession of an amount of cocaine in excess of 500 milligrams.

Upon defendant's arrest, *fifty* vials of cocaine were recovered from his person, and there was evidence before the jury that the aggregate weight of the cocaine was almost *three times* the 500 milligram threshold. An analysis of one grain revealed 86% pure cocaine. The very number of vials possessed by the defendant and their aggregate weight was sufficient for the jury to conclude beyond a reasonable doubt that defendant was "knowingly" in possession of an amount of cocaine in excess of 500 milligrams. Even if (roughly measured) the vials contained only one-third cocaine, the threshold of 500 milligrams would have been reached. Certainly, the large number of vials and their weight entitled the jury to find defendant knew he was in possession of at least 500 milligrams of cocaine.