OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Between November 1986 and July 1988, defendant and his wife, who operated a residence for the elderly in their home, stole the life savings of five elderly residents and were charged with multiple counts arising out of the thefts.* The People moved pursuant to CPL article 660 for permission to take conditional examinations of three of the elderly victims due to their advanced age and ill health. The court granted the motion and the conditional examinations of two victims were videotaped on April 14 and October 5, 1989. The third was not examined, as he was physically unable to testify on the date of the examination.
When the People sought to introduce the two videotaped examinations at trial, defendant moved for preclusion on the *876 ground that the People had not complied with the certification and filing requirements of CPL 660.60 (2) (see also, 22 NYCRR 32.3 [c]). Permitting the People to satisfy those requirements on January 3, 1990, the first day of trial, the court admitted the videotapes over defendant’s objection. Defendant thereafter stipulated to the accuracy of the videotapes as offered. Defendant was convicted, and the Appellate Division affirmed.
CPL 660.60 (2) requires that the videotape and stenographic transcript of a conditional examination be certified and filed with the court "[u]pan conclusion of the examination.” We reject the People’s contention that CPL 660.60 (2) is satisfied by certification and filing at any time, which construction renders meaningless the plain statutory direction. Indeed, the former Code of Criminal Procedure directed certification and filing "without unnecessary delay” after conclusion of the conditional examination (former Code Crim Pro § 630), a requirement made even more specific in CPL 660.60 (2). Moreover, security and integrity of the record appear to be the primary objective of the certification and filing requirement (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 660.60, at 330). Requiring certification and filing of the videotape and transcript as soon as practicable after an examination is completed furthers that objective (see, 22 NYCRR 32.5).
Having failed to satisfy the statutory requirements until the commencement of trial, months after completion of the examinations, the People must demonstrate the integrity of the record as a precondition to admissibility. In the case before us, however, defendant’s stipulation to the accuracy of the videotapes satisfied that obligation, and preclusion was properly denied.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed in a memorandum.

 Defendant’s wife, who was charged under the same indictment and tried with defendant, is not a party to this appeal.