■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL CORDERO, Appellant. [617 NYS2d 772] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered August 6, 1991, convicting defendant, after a jury trial, of three counts of criminal sale of a controlled substance in the first degree, and sentencing him to concurrent terms of 15 years to life, unanimously affirmed.

On three separate occasions, the undercover officer specifically requested a purchase of 70 grams of cocaine from the defendant. For the first sale, when the officer tried to bargain down the price, the defendant adhered to his quoted price of $14 per gram. The defendant, utilizing a calculator, then calculated an aggregate price of $980 for the 70 grams. For each successive sale, the defendant confirmed with the officer that the price for 70 grams would be $980, and he then accepted this amount.

When a seller of drugs determines the sale price based upon the weight of the drugs being sold, then he should not be heard to complain that he did not have knowledge of the weight of the drugs.

Although the cocaine actually was delivered by a third party at the defendant's direction, there is no credible evidence that the defendant acted only as a middleman. This evidence provided overwhelming circumstantial evidence that

the defendant knowingly sold in excess of two ounces of cocaine with respect to each count upon which he was convicted *(see, People v Ryan,* 82 NY2d 497, 505). Concur—Carro, Rosenberger, Wallach and Rubin, JJ.

Sullivan, J. P., concurs in a separate memorandum as follows: While I concur in the affirmance of defendant's conviction of three counts of criminal sale of a controlled substance in the first degree, I do so on more limited grounds than does the majority, which, on the merits, meets defendant's claim, based on *People v Ryan* (82 NY2d 497), decided on December 16, 1993, after his trial and conviction, and during the pendency of this appeal, that the trial evidence was legally insufficient to establish that, with respect to each sale, he knew that the weight of the drugs he sold was in excess of two ounces. Defendant never raised this claim at trial and thus it is unpreserved for appellate review. While defendant fashions his present claim as a challenge to the sufficiency of the evidence, the fact is that the evidence was sufficient to sustain the charges submitted to the jury in accordance with the court's charge. Thus, defendant's complaint is not with the sufficiency of the evidence to support a finding that he knew the weight of the drugs he sold but, rather, with the fact that the charge did not instruct the jury to consider the issue at all.

In accordance with the view prior to *Ryan (supra)* that there was no *mens rea* requirement with respect to the weight element of a charge of narcotics sale *(see, e.g.,* 3 CJI[NY] PL 220.43 [1]-[2], at 1710-1711), the trial court charged the jury that the indictment's weight element required proof that the "cocaine knowingly and unlawfully sold by the defendant on each date was of an aggregate weight of two ounces or more." The court did not charge that, in addition to this objective weight, the evidence had to establish defendant's knowledge of that weight. Defendant never excepted to the charge on the weight element; nor did he request a charge that there was a *mens rea* element applicable to the weight of the drugs. Absent an exception thereto, or request for an appropriate charge, the rendition of a charge that improperly defines the element of a crime does not preserve a question of law for review. *(People v Dekle,* 56 NY2d 835, 837; *People v Ivey,* 204 AD2d 16.) And, since the People might have been able to develop other evidence to demonstrate defendant's knowledge that the cocaine he sold weighed two ounces or more had scienter been an issue at trial, defendant's failure to preserve his claim should not be forgiven in the interest of justice.