■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CHRISTIAN, Appellant. [618 NYS2d 711] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered January 13, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the

fifth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, modified, on the law, to the extent of reducing the conviction to criminal possession of a controlled substance in the seventh degree, and remanding the matter for resentencing in accordance therewith.

A police officer observed defendant packaging crack into glassine envelopes on top of a video game. The officer recovered 10 plastic envelopes containing crack cocaine and a tin foil packet with a large chunk of crack cocaine. Defendant was charged and convicted on proof that he possessed 500 milligrams or more of "pure weight" cocaine in violation of Penal Law § 220.06 (5).

While the police chemists' testimony established that the crack contained a total of 1,759 milligrams of pure cocaine, or more than three times the statutory minimum of 500 milligrams, the evidence was insufficient as a matter of law to support the finding that defendant knew that he possessed 500 milligrams or more of cocaine *(People v Ryan,* 82 NY2d 497). The People failed to present any evidence from which a jury could infer that defendant knew the pure net weight of cocaine *(People v Gordon,* 204 AD2d 22). Concur—Carro, Rosenberger and Wallach, JJ.

Sullivan, J. P., and Rubin, J., dissent in a memorandum by Sullivan, J. P., as follows: I would affirm defendant's conviction of criminal possession of a controlled substance in the fifth degree since defendant failed to preserve as a point of law his claim that the trial evidence was legally insufficient to establish that he knew that the quantity of cocaine he possessed was at least 500 milligrams. *(See, People v Ivey,* 204 AD2d 16.)