■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MONCLAVO, Also Known as JOSE MONCLOVA, Appellant. [620 NYS2d 378] —Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered June 29, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a prison term of from 3 to 6 years, affirmed.

A police officer recovered a brown paper bag from underneath a parked car. After observing that the bag contained vials of crack/cocaine, the officer replaced it. Shortly thereafter, defendant approached the car, reached down, and as he walked away, placed the bag into his pants pocket. Defendant was arrested and the bag of crack was seized. Defendant was

charged and convicted on proof that he possessed 500 milligrams or more of "pure weight" cocaine in violation of Penal Law § 220.06 (5).

Defendant's challenge to the sufficiency of the People's proof regarding his knowledge of the aggregate weight of the controlled substance was not preserved by a timely objection to the jury charge with respect to the fifth degree possession count, and we decline to address it in the interest of justice (see, People v Ivey, 204 AD2d 16, lv granted 84 NY2d 874).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Asch, Rubin and Williams, JJ.

Wallach, J. P., dissents in part in a memorandum as follows: I would modify the judgment, on the law, to the extent of reducing the conviction to criminal possession of a controlled substance in the seventh degree, and remanding the matter for resentencing for that misdemeanor level of guilt.

Called by the People at defendant's jury trial, the arresting officer testified that he recovered a brown paper bag from underneath a parked car. After noting that the bag contained vials of crack/cocaine, the officer repositioned it at the same spot. Shortly thereafter, defendant approached the car, reached down, and as he walked away, stuffed the bag into his pants pocket. Defendant was arrested almost immediately and the bag and its contents were recovered. Defendant was charged and convicted by the jury for possession of 500 milligrams or more of "pure weight" cocaine, a violation of Penal Law § 220.06 (5).

While the People's evidence proved that defendant possessed a total of 2,367 milligrams of cocaine (more than 4½ times the statutory minimum), the evidence was insufficient as a matter of law to support a finding that defendant knew he possessed more contraband than the statutory minimum. The People failed to present any evidence from which a jury could infer that defendant knew the pure net weight of cocaine (People v Sanchez, 205 AD2d 472, lv granted 84 NY2d 872), a requirement laid down in People v Ryan (82 NY2d 497). Defendant's brief possession of the drug in a closed paper bag thrust hastily into his pocket does not satisfy the extensive "handling of the material" type of proof suggested in Ryan (supra, at 505) as a method of establishing the weight-related element of criminal possession of a controlled substance in the fifth degree.

I would also follow our recent decision in People v Cooper

(204 AD2d 24, *lv granted* 84 NY2d 874) to the effect that the *Ryan* rule is retroactive, and that defendant adequately preserved his objection by his motion to dismiss at the close of the People's case *(People v Kilpatrick,* 143 AD2d 1, 2).