■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK VALENTINE, Appellant. [622 NYS2d 683] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered December 19, 1991, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 6½ to 13 years, unanimously affirmed.

Viewed in a light most favorable to the People, the complainant's testimony that she suffered a swollen and sore neck, back and arm after being pushed by defendant during the incident was sufficient to raise a jury question whether the requisite physical injury necessary to support a conviction of robbery in the second degree had been sustained (see, People v Pope, 174 AD2d 319, lv denied 78 NY2d 1079; People v Rodney, 134 AD2d 463). Nor did defendant's apparent absence from a preliminary discussion of Sandoval issues, which were thereafter resolved after argument in open court in defendant's presence, violate his right to be present at material stages of the trial, since his presence would have been wholly superfluous (see, People v Favor, 82 NY2d 254). Concur—Ellerin, J. P., Wallach, Asch and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE NOBLE, Appellant. [623 NYS2d 106] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered February 24, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, affirmed.

Having failed to object to the trial court's instruction on the weight element, defendant's argument that the trial evidence was legally insufficient because the People failed to establish that he had knowledge of the weight of the drugs he possessed is unpreserved (see, People v Ivey, 204 AD2d 16, 18, lv granted 84 NY2d 874). Concur—Rubin, Asch and Nardelli, JJ.

Ellerin, J. P., and Wallach, J., dissent in a memorandum by Wallach, J., as follows: For the reasons stated by this Court in People v Cooper (204 AD2d 24, lv granted 84 NY2d 874), I would reduce this conviction to criminal possession of a controlled substance in the seventh degree, and as so modified, affirm.