■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO GUZMAN, Appellant. [623 NYS2d 110] —Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered February 22, 1993, affirmed. Sullivan, J. P., and Williams, J., concur in a memorandum by Williams, J.; Kupferman, J., concurs in a separate memorandum and Ellerin, J., dissents in part in a memorandum, all as follows:

Williams, J. (concurring). Contrary to defendant's contention, we conclude, after an independent review of the record, that defendant's guilt was established beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). Defendant's dominion and control over a brown paper bag containing seventy glassines of heroin was established by the testimony of two experienced

narcotics officers who observed defendant and his accomplice for over an hour. Defendant's accomplice exchanged glassines for money with buyers, then brought the money to defendant, who stood about twenty-five feet away. In turn, defendant directed his accomplice to the bag which was about five feet from him, and from which his accomplice replenished his supply on at least three occasions, and guarded the bag while his accomplice consummated the transactions *(People v Martinez,* 207 AD2d 695).

Defendant's claim that the court should have instructed the jury on the lesser included charge of criminal possession of a controlled substance in the seventh degree, since there was insufficient evidence regarding his knowledge of the weight of the heroin, is unpreserved for review as a matter of law *(People v Ivey,* 204 AD2d 16), and we decline to review it in the interest of justice.

Kupferman, J. (concurring). It is about time that we acknowledge that the *Ryan* case was wrongly decided and that the intellectual basis for it has been destroyed by the perceptive conclusion of Judge Joseph M. McLaughlin in *United States v de Velasquez* (28 F3d 2, 6 [as amended June 29, 1994], *cert denied* — US —, 115 S Ct 679): "[W]e see no reason why a defendant who knowingly traffics in drugs should not bear the risk that his conduct may be more harmful to society than he intends or foresees".

Ellerin, J. (dissenting in part). I would reduce appellant's conviction for criminal possession of a controlled substance in the fourth degree to one for criminal possession of a controlled substance in the seventh degree. I find that the issue of the sufficiency of the evidence regarding defendant's knowledge of the quantity of drugs he possessed *(People v Ryan,* 82 NY2d 497) presents a question of law for review by this Court *(People v Ivey,* 204 AD2d 16, 19, *lv granted* 84 NY2d 874 [Ellerin, J., concurring]), and that, upon such review, the record reveals that there was no evidence from which the jury could infer that the defendant knew that he was in possession of one eighth ounce or more of heroin.