THIRD DEPARTMENT, MARCH, 1995

(March 2, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER A. LUCIANO, Appellant. [623 NYS2d 345] —Mikoll, J. P.

Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered July 1, 1992, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree and the violation of unlawful possession of marihuana.

On September 13, 1991 State Trooper Alan Lane observed defendant pull the vehicle (a 1979 Oldsmobile sedan) he was operating off the roadway of the Thruway into an adjacent service area in the Town of Florida, Montgomery County. The vehicle was parked near Lane and he noticed smoke emanating from under both sides of the hood. Defendant exited the vehicle and raised the hood. Lane observed that there was an engine fire, obtained a fire extinguisher and put the fire out. In doing so Lane noticed that the blower motor, usually attached to the engine housing by bolts, was attached by only one chrome screw sitting in, but not screwed into, one of the bolt holes. Lane had discovered illegal substances in the blower motor compartment area of other vehicles in the past.

On request, defendant produced a registration but no operator's license. The registration listed Eddie Arroyo, the only passenger in the vehicle, as the owner. Defendant and Arroyo gave different accounts of where they had been and where they were going. Lane then asked Arroyo if he could search the sedan and if he had anything illegal in the vehicle; Arroyo replied, "No, and you can search." Lane then discovered a brown paper bag in the space below the blower motor that contained two white bundles of a white powdery substance, believed to be cocaine. Defendant and Arroyo were then arrested. A further search of the vehicle turned up a package that contained crushed vegetable-like matter, believed to be marihuana.

Defendant and Arroyo were subsequently indicted. Arroyo pleaded guilty to one count of criminal possession of a controlled substance in the third degree. After a trial, defendant was convicted of criminal possession of a controlled substance in the third degree, a felony, and unlawful possession of marihuana, a violation. He was then sentenced as a second felony offender to 12½ to 25 years' imprisonment on the felony conviction and fined $100 on the marihuana violation.

On this appeal, defendant argues that County Court erred in (1) denying his motion to suppress because the police had no probable cause or consent to search his vehicle, (2) failing to establish that he had actual knowledge of the weight of the cocaine seized, (3) failing to adequately instruct the jury

regarding the absence of defense witnesses, (4) failing to charge the jury regarding accomplice testimony, and (5) requiring Arroyo to describe the crime during his plea colloquy, thereby implicating defendant. We disagree. The judgment of conviction should be affirmed.

Defendant's claims that Lane had no articulable or reasonable basis for making inquiries of defendant after he issued traffic tickets for unlicensed driving and a cracked windshield, and that no consent was given to Lane to search, are without merit. County Court afforded defendant a *Mapp* hearing *(see, People v Mapp,* 47 NY2d 939) following which it found that there was clear and convincing evidence of consent to search the vehicle, which resulted in the discovery and seizure of the cocaine from the blower motor compartment in the engine area. Arroyo testified at the hearing that he did not give consent to search the vehicle and that his previous statements to the contrary were false, the result of police pressure. Arroyo also asserted that he placed all six bolts in the bolt holes for the blower motor compartment. County Court found that Arroyo, the owner of the vehicle, voluntarily gave consent to the search *(see, People v Gonzalez,* 39 NY2d 122) and that the search by Lane was reasonable. The record supports the conclusions reached by County Court. The prosecution met the heavy burden of proof necessary to establish voluntary consent *(see, supra,* at 128; *People v Kuhn,* 33 NY2d 203, 208). Considering the totality of the circumstances, County Court could properly conclude that the search was made pursuant to consent voluntarily given by the vehicle's owner.

Defendant's argument that the People failed to prove that defendant had actual knowledge of the weight of the cocaine as required by *People v Ryan* (82 NY2d 497), and therefore the proof of guilt was insufficient, is rejected. Defendant failed to preserve this issue for appellate review by objection during the trial or through a postjudgment motion *(see,* CPL 470.05; *People v Young,* 209 AD2d 996; *People v Ivey,* 204 AD2d 16, *lv granted* 84 NY2d 874). In *People v Ryan (supra)* the Court of Appeals merely construed the language of an existing statute and did not create any new legal principles that would have been unknown to defense counsel *(see, People v Pepper,* 53 NY2d 213, *cert denied* 454 US 967). We do not deem this an appropriate case to exercise this Court's discretion to review the issue in the interest of justice.

Also without merit is defendant's contention that the summation comments of the prosecutor concerning the absence of defendant's grandmother at trial exceeded fair comment and

deprived him of a fair trial despite curative instructions. Defendant's defense was that he was at his grandmother's house at the time Arroyo made the buy of cocaine in New York City. The remarks were fair comment in response to the evidence and defense counsel's summation *(see, People v Peterson,* 186 AD2d 231, 232, *affd* 81 NY2d 824; *People v Lee,* 167 AD2d 354, 355, *lv denied* 77 NY2d 879). Additionally, the remarks were preceded by an explanation that defendant has no obligation to put any witnesses on the stand and County Court issued an immediate instruction, curing any potential prejudice *(see, People v Halm,* 81 NY2d 819, 821; *People v Berg,* 59 NY2d 294, 299).

Defendant's claim that County Court erred in not charging the jury in relation to accomplice testimony has not been preserved for our review by proper objection at trial *(see,* CPL 470.05; *see also, People v Lawrence,* 64 NY2d 200, 206-207; *People v Martin,* 50 NY2d 1029, 1031).

Finally, defendant's argument that County Court was guilty of judicial overreaching in its conduct regarding Arroyo's guilty plea colloquy was waived, as it was not raised in County Court and has not been preserved for this Court's review *(see,* CPL 470.05; *People v Martin, supra,* at 1031). Moreover, defendant lacks standing to appeal this issue.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.