■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FIGUEROA, Appellant. [624 NYS2d 421] —Judgment, Supreme Court, Bronx County (Richard Lee Price, J., at hearing; Edward M. Davidowitz, J., at trial), rendered January 13, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, and sentencing him to two concurrent terms of imprisonment of from one and one-third to four years, affirmed.

Defendant's motion to suppress evidence was properly denied. "A hearing court's findings of fact are entitled to great weight * * * and this court will not, without good reason, find a police officer's testimony incredible or patently tailored to overcome constitutional objections." (People v Jones, 168 AD2d 370, lv denied 77 NY2d 907.) Here, the hearing court found the police testimony to be forthright and credible, and we find no reason to disturb that finding.

The People established a sufficient chain of custody for the bullets and drugs (People v Connelly, 35 NY2d 171, 175). The absence of the officer's initials on the individual items (see, People v Padilla, 175 AD2d 20, lv denied 79 NY2d 830), and his possibly mistaken belief that he had initialled them, raised no spectre of substitution of items recovered in another arrest and thus went to weight rather than admissibility (compare, People v Sarmiento, 168 AD2d 328, affd 77 NY2d 976, with People v Ruiz, 162 AD2d 350).

Defendant's argument that the People failed to prove his knowledge of the aggregate weight of the drugs in his possession, as required by People v Ryan (82 NY2d 497), was never raised at trial and is thus unpreserved for appellate review. Defendant never objected to the court's charge, which did not tell the jury that the People had to establish defendant's scienter with respect to the weight of the drugs, or requested a jury instruction that would have directed the court's attention to his current complaint (see, People v Ivey, 204 AD2d 16, lv granted 84 NY2d 874). Concur—Sullivan, J. P., Kupferman, Asch and Mazzarelli, JJ.

Rosenberger, J., dissents in part in a memorandum as follows: I dissent and would modify the conviction by reducing it to criminal possession of a controlled substance in the seventh degree.

I do not differ with the majority on the issues concerning suppression, and chain of custody, of the evidence. The issue of the defendant's knowledge of the weight of the drugs is preserved *(People v Kilpatrick,* 143 AD2d 1; CPL 470.15 [4] [b]).

In *People v Ivey* (204 AD2d 16, *lv granted* 84 NY2d 874), I joined in Justice Ellerin's concurring opinion for affirmance since there was proof in the record that the defendant had knowledge of the weight of the contraband possessed *(People v Ryan,* 82 NY2d 497). In *Ivey,* the requisite knowledge would have been established by the defendant's handling of the drugs, which were of substantial weight. That is sufficient in an "aggregate weight" case *(e.g.,* Penal Law § 220.18 [1]), as opposed to a "pure weight" case *(e.g.,* Penal Law § 220.06 [5]; *People v Ryan, supra,* at 505). *Ryan* is to be applied retroactively *(People v Hill,* 85 NY2d 256).

I am now of the view that the finding concerning the defendant's knowledge of the weight of the drugs he is charged with possessing, as an essential element of the crime charged, can only be found by a jury pursuant to an appropriate charge. It is not a determination to be made, for the first time, on appeal.

Accordingly, I would modify the conviction, reducing it to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).