(November 22, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON PEREZ, Appellant. [633 NYS2d 685] —White, J. Appeal

from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered November 23, 1992, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, a prison inmate who was observed pulling out a "shank" from the pocket of his coat and dropping it, was indicted and charged with one count of promoting prison contraband in the first degree. Following a jury trial, defendant was convicted of the charged crime and this appeal ensued.

We affirm. Defendant's claim that he was denied the effective assistance of counsel because his attorney failed to question prospective jurors concerning their possible prejudice against Hispanics during jury selection is rejected. Our review indicates that defense counsel made a thorough inquiry of prospective jurors and asked appropriate questions concerning their ability to be fair and impartial (*cf.*, *People v Langlois*, 192 AD2d 877, 878). There is no constitutional presumption of juror bias for or against any race or ethnic group, and defendant's claim is meritless as there are no "substantial indications" in the record that defendant's jury would likely have been biased by racial or ethnic prejudice (*Rosales-Lopez v United States*, 451 US 182, 190-191; *United States v Kyles*, 40 F3d 519, 524, *cert denied* — US —, 115 S Ct 1419).

As for defendant's contention that certain remarks made by the prosecutor during summation constituted reversible error, we are similarly unpersuaded. Notably, defense counsel failed to object to the remarks and thereby preserve the issue for appellate review (*see*, *People v Dexheimer*, 214 AD2d 898, 901). Moreover, the analogy employed by the prosecutor was clearly a fair response to comments made by defense counsel in his closing remarks (*see*, *People v Luciano*, 213 AD2d 729, 732).

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.