THIRD DEPARTMENT, JULY, 1997

(July 3, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN GRANT, Appellant. [660 NYS2d 162] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered August 31, 1994 in Schenectady County, upon a verdict convicting defendant of the crimes of murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

The issues raised on this appeal stem from defendant's interrogation by the Schenectady City police regarding the May 9, 1993 homicide of Michael Wilson and assault of Reginald Barnhill in the City of Schenectady, Schenectady County, and subsequent indictment and conviction of assault in the first degree on Barnhill, criminal possession of a weapon in the second degree and murder in the second degree stemming from the shooting death of Wilson. Defendant also challenges his sentence to a prison term of 7½ to 15 years for each of the assault and weapons convictions and 25 years to life for the murder conviction, with the sentence imposed for assault to run consecutively to that imposed for murder and the sentence imposed on the weapons conviction to run concurrent to that imposed for assault and murder, for an aggregate period of incarceration of 32½ years to life.

Defendant urges that based on the derivative right to counsel, he was not legally capable of waiving his right to counsel during his interrogation about the crimes of May 9, 1993 in that he had counsel in his prior criminal involvement

of gun possession, perpetrated in Brooklyn. When defendant was questioned initially, he denied participation in the May 9, 1993 crimes. He did consent to being fingerprinted and photographed. He also informed the police that he was on parole for possession of a .38-caliber weapon in Brooklyn. The officers clearly knew that defendant had counsel on the Brooklyn charge when they interrogated him. As a result of information secured from defendant, the police discovered that, contrary to defendant's representation, the weapon which defendant had been charged with possessing in Brooklyn was the same type of weapon which had been used in the May 9, 1993 shootings—a nine-millimeter Glock. The information secured from defendant also led to police discovery that the bullets recovered from Wilson's body were an exact match to bullets from the nine-millimeter Glock which defendant had been charged with possessing in Brooklyn.

Schenectady police arrested defendant in mid-July 1993 on a parole violation warrant. He was advised of and waived his right to counsel. Defendant then gave the police two statements, in the second of which he admitted that he was present during the shootings on May 9, 1993, although he attributed them to another person. He also stated that he had taken a gold chain from Wilson after he was shot. Suppression of defendant's statements was denied, County Court (Harrigan, J.) finding that the Brooklyn charge was separate and apart from the May 9, 1993 events, both spatially and temporally, and that the use of the Glock in both incidents was not enough on which to find that the matters were related.

We agree. After defendant was arrested by the Schenectady police on a parole violation, he asserted no right to counsel as to this arrest. We reject his contention that the right to counsel attached nonetheless because he had counsel on the Brooklyn charge involving the same weapon which had been used on May 9, 1993 (*see, People v Steward*, 88 NY2d 496, 502; *People v Cohen*, 226 AD2d 903, 904, *lv granted* 89 NY2d 984). Police are not required to inquire into whether an attorney-client relationship attaches to an unrelated charge (*see, People v Bing*, 76 NY2d 331).

Defendant also contends that the Schenectady police inappropriately used his Brooklyn arrest and pending weapon charge to implicate him in the May 9, 1993 events. He urges that, consequently, the crimes are inextricably involved. This argument was not raised before County Court and is thus deemed waived (*see, People v Martin*, 50 NY2d 1029, 1031). Were we to consider the argument, we would nonetheless reject

it. We conclude that defendant waived his right to counsel during questioning by the Schenectady police. The record indicates that he did it knowingly and voluntarily after being advised of his *Miranda* rights. The court thus correctly denied defendant's suppression motion.

Defendant next contends that Supreme Court erroneously allowed evidence of his commission of the uncharged crime of selling and/or attempting to sell cocaine during the week preceding May 9, 1993 on the basis that it provided a motive for defendant's commission of the May 9, 1993 crimes. Evidence of events "inextricably interwoven" with the events underlying the indictment are admissible if necessary to put other admissible trial evidence into proper context (*see, People v Ventimiglia*, 52 NY2d 350, 361). Here, defendant's involvement in drug trafficking not only explained what precipitated the fight between defendant and his coterie of friends and the victims, but also explained defendant's motive to seek revenge for the robbery committed against him by the victims and also why he was carrying a gun. We find the evidence to be inextricably intertwined with the indictment's charges and its admission to be appropriate (*see, e.g., People v Garcia*, 173 AD2d 399, *lv denied*, 78 NY2d 1011).

Finally, defendant's contention that prosecutorial misconduct during summation deprived him of a fair trial requiring reversal of his conviction is found to be without merit. Such objection was not preserved for our review (*see*, CPL 470.05 [2]; *People v Perez*, 221 AD2d 798, 799). Were we to consider the contention, we would find the comment an isolated one and not so egregious as to require a reversal (*see, People v Jones*, 213 AD2d 801, 803, *lv denied* 85 NY2d 975). We have examined defendant's remaining contention regarding the need for remittal and find it to be lacking in merit.

White and Peters, JJ., concur.

Crew III, J. (dissenting). We respectfully dissent. While it is clear that a suspect who is represented by counsel may be questioned regarding crimes unrelated to those upon which the suspect has obtained representation (*see, People v Taylor*, 27 NY2d 327), we can conceive of no more apt example of a related charge than the one at issue here. Defendant was represented by an attorney for his alleged unlawful possession of the very weapon used to commit the May 9, 1993 murder then under investigation in Schenectady County. Most assuredly, the nexus here between the weapon charge and the underlying murder investigation is as great as that between the charges at issue in *People v Miller* (54 NY2d 616), where

suppression was mandated. Moreover, the Court of Appeals has deemed suppressible statements made by a defendant on an unrepresented matter where such statements were obtained by police exploitation of the statements made by the defendant with respect to those charges upon which the defendant was represented by counsel (*see, People v Ermo*, 47 NY2d 863).

Here, armed with the knowledge that defendant was charged with unlawful possession of the weapon used in the Schenectady County homicide and knowing that defendant was represented with regard to that charge, the police nevertheless questioned defendant concerning his possession and use of such weapon in connection with the then-pending homicide investigation. Inasmuch as we are of the opinion that the police interrogation concerning the homicide investigation was related to the weapon charge, upon which defendant was represented by counsel, we would reverse the judgment of conviction, suppress defendant's statements and order a new trial.

Yesawich Jr., J., concurs. Ordered that the judgment is affirmed.