■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNISTON SPENCE, Appellant. [673 NYS2d 941] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered December 4, 1995, convicting him of robbery in the first degree, robbery in the second degree (two counts), burglary in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly refused to charge the affirmative defense to the charges of robbery in the first degree and burglary in the first degree since he failed to meet his burden of showing that the gun displayed during the course of the crimes was unloaded or inoperable (*see, People v Cotarelo,* 71 NY2d 941; *People v Basilone,* 186 AD2d 747).

In addition, we reject the defendant's contention that the evidence of physical injury was insufficient to sustain his conviction for robbery in the second degree under the third count of the indictment. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that, in the course of the commission of the crime of robbery in the second degree, the defendant caused the complainant physical injury (*see,* Penal Law § 160.10 [2] [a]; § 10.00 [9]; *People v Greene,* 70

NY2d 860; *People v Dailey,* 222 AD2d 278; *People v Valentine,* 212 AD2d 399; *People v Rivera,* 183 AD2d 792; *People v Goico,* 122 AD2d 576).

The sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.