■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN GRANT, Appellant. [690 NYS2d 139] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered August 31, 1994 in Schenectady County, upon a verdict convicting defendant of the crimes of murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree.

This matter was previously before us (*see*, 241 AD2d 562, *revd* 91 NY2d 989). Defendant had been interrogated by the Schenectady City Police regarding a homicide and assault that occurred in the City of Schenectady, Schenectady County, on May 9, 1993 which resulted in statements by defendant regarding the crimes. During the interrogation, the police knew that defendant was represented on a pending charge of criminal possession of a weapon in New York City but nevertheless elicited some information regarding this charge. We held that defendant's failure to properly raise the issue of the impermissibility of the questioning about the New York City matter at the trial level waived the argument on appeal (241 AD2d 562, 563-564, *supra*). The Court of Appeals reversed (91 NY2d 989) and remitted the matter to the trial court to consider the issue and apply the law as articulated by it in *People v Cohen* (90 NY2d 632) to the facts and inferences presented by the existing record. The trial court, on remittal, concluded that there was no violation of defendant's right to counsel on the basis urged and denied the suppression of defendant's statements.

We are now called upon to review the question of whether questioning by Schenectady police about the Brooklyn charge for possession of a weapon, for which defendant was represented by counsel, was discrete or fairly separable from the Schenectady charges or was purposely exploitive and designed to add pressure on defendant to confess, thus triggering entitlement to suppression under the *Cohen* standard.

We affirm. It is settled law that once a defendant's indelible right to counsel attaches, the police may not interrogate the defendant on a charge for which he or she is represented although, if the defendant is not in custody on the charge upon which the right of counsel has indelibly attached, the defendant may waive his or her rights and be questioned on a charge

for which he or she is not represented (*see*, *People v Bing*, 76 NY2d 331, 340). In *People v Cohen* (*supra*), the Court of Appeals additionally noted that a defendant is further protected against being questioned by police on a charge as to which he or she is unrepresented in two situations, only the second of which is relevant here.* Where, as here, the crimes are not "intimately connected" (*id.*, at 640), the issue is whether the questioning by police about the represented matter was "purposely exploitive" and " 'designed to elicit statements' " on the unrepresented crime under the pressure created by the improper questioning on the represented crime and the knowledge obtained therefrom (*id.*, at 642).

The evidence disclosed that defendant was questioned by police on June 4, 1993 and also, after being taken into custody, on July 13, 1993. On the first occasion, Officer William Potenza, who knew of the Brooklyn charge and also that defendant was represented thereon, inquired about the kind of weapon involved in Brooklyn and about the incident leading to the charge of gun possession. Defendant gave Potenza false, exculpatory information, misidentifying the type of weapon involved as a .38-caliber pistol. This information was secured some five weeks before the statements defendant now seeks to suppress and was not made while defendant was in custody. We conclude that the very limited inquiry on this occasion was not calculated to, or capable of, adding pressure on defendant to confess to his involvement in the murder in Schenectady. Potenza later learned from New York City police that the pistol involved in New York City was in fact a 9-millimeter Glock, the type of weapon used in the Schenectady murder. Defendant agreed to be fingerprinted and photographed on June 4, 1993. He was not held.

A second round of questioning occurred on July 13, 1993 after defendant was arrested for a parole violation. John Sims, an Investigator for the Schenectady Police Department, testified at length upon his questioning of defendant. The initial inquiry focused on pedigree information and defendant's knowledge of guns in general. Sims knew that defendant had been arrested in New York City but claimed he did not know that defendant was represented on the charge. This statement was subsequently reformed to indicate that Sims did know that defendant was represented.

---

* The Court of Appeals was unanimous in its decision that the instant two criminal matters were not so closely related transactionally, or in space or time, that questioning on the matter in which there had been an entry by counsel would almost necessarily elicit statements pertaining to the charge for which defendant was unrepresented (91 NY2d 989, 996, *supra*).

Sims asked defendant whether he owned a gun or had been in trouble in the State with guns. Defendant replied that he had been arrested in New York City for possession of a 9-millimeter Glock pistol. Sims then turned his inquiry to the events of May 9, 1993 in Schenectady. Defendant described how he was attacked and robbed of his jewelry on that date and stated that he sent several friends to find the people who had robbed him to get his property back. He said his friends came back and told him that they shot his assailants, and they gave him the Glock pistol to dispose of. He said he then went to Brooklyn and, while there, he was arrested for possession of the gun. The events related by defendant were reduced to writing by Sims and defendant signed the statement.

In a later conversation with State Parole Officer James Contino, Contino indicated to defendant that he (Contino) knew defendant had been charged with assault and resisting arrest on more than one occasion and that he seemed the kind of person to stand up for himself. Contino stated that he found it hard to believe defendant's first written statement wherein he claimed that he had sent others to recover his property rather than standing up for himself. Defendant told Contino that his earlier account to Sims was not the whole truth and proceeded to give a new version, which was reduced to writing by Sims. Defendant denied his involvement in the murder and assault but stated that he was at the scene of the shooting, that he reclaimed his stolen necklace off the murder victim after his associates had shot him and that he supplied the pistol to the shooter.

On these facts, we conclude that the instant case does not mandate suppression under *People v Cohen* (90 NY2d 632, *supra*). The limited inquiry by police regarding defendant's pending weapon charge in New York City went no further than to elicit the fact that it existed, which was already known to Schenectady police. Significantly, Schenectady police also knew that the Glock pistol, which was the basis for the New York City charge, ballistically matched the weapon utilized in the murder in Schenectady. The police could have used this information without violating defendant's rights as articulated in *People v Cohen* (*supra*). It is also significant that Contino elicited defendant's most damaging admission without any reference to the New York City charge by simply focusing on defendant's history of not backing away from confrontations. We conclude that defendant's questioning was not in violation of the principles enunciated in *People v Cohen* (*supra*).

The trial court's choice among conflicting inferences at the

suppression hearing should be upheld unless unsupported as a matter of law (see, *People v Gilpin*, 216 AD2d 62). Here, the court found no purposeful exploitation, no pattern of intermingling of impermissible questions throughout the interrogation and no likelihood that impermissible questioning played any role in defendant's admissions. Such findings are supported by the record.

We thus conclude that the questions about the New York City represented matter were minimal, general and far removed from the exploitive, intentional and persistent questioning in *People v Cohen (supra)*. The questions here were discrete and separable from the questioning about the shooting so that no purposeful exploitation occurred.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.

