■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES F. HELSTROM, Respondent.—Appeal from an order of the County Court of Chemung County, entered April 10, 1975, which granted a motion by defendant to suppress evidence. After a *Huntley* hearing to determine the voluntariness of two statements made by defendant, who had been indicted on several counts of burglary and larceny, the suppression of both was ordered. Thereafter, defendant's application to suppress certain physical evidence was also granted. After the defendant indicated he wanted an attorney, the police told the defendant that since he would not talk, they would have to search the apartment which he shared with the woman who owned it. If any stolen property were found, the woman would be arrested. If defendant were able to talk, however, it would be unnecessary to search the apartment and arrest the woman. Defendant then gave two incriminating statements. Under such circumstances, it is clear that the statements were elicited by means of coercion and were therefore properly suppressed *(Miranda v Arizona*, 384 US 436; CPL 710.20, subd 3; CPL 60.45). The more difficult question raised by the People concerns the order suppressing physical evidence. In his moving papers, defendant's position was that the search was automatically illegal because of the involuntariness of the statements which were taken prior to the search. Defendant argues on this appeal that the People's failure to contest the facts alleged in his motion papers required the granting of his motion. We disagree. The court must summarily grant the motion only if "the people concede the truth of allegations of fact therein *which support the motion"* (CPL 710.60, subd 2, par [a]; emphasis supplied). In the instant case, the facts alleged by defendant related solely to the decision on the motion to suppress the statements. The record reveals nothing about the circumstances of the search, the defendant's alleged consent thereto, or even when the search was made. We disagree with the Trial Judge's implication that the fact that the police originally told defendant that a search would be unnecessary made it impossible for defendant to have subsequently given a valid consent. Although the People carry a heavy burden of proving the voluntariness of defendant's consent *(People v Whitehurst*, 25 NY2d 389), they are at least entitled to a hearing to present their side of this question (CPL 710.60, subd 4). Order reversed, on the law, and matter remitted to the County Court of Chemung County for the purpose of holding a hearing limited to the question of whether certain evidence which the People intend to use in this case consists of tangible property obtained by means of an unlawful search and seizure under circumstances precluding admissibility thereof in a criminal action against defendant. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.