(May 19, 1988)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD E. FERRY, Appellant.—Mercure, J.

Early on July 12, 1984, as the State Police responded to a reported rape, they discovered a trail of bloodstains and a wallet belonging to defendant outside the broken window of the victim's apartment. Two State Troopers proceeded to defendant's apartment where defendant's wife answered the door, informed them that her husband was in bed and consented to their entrance. The officers entered defendant's bedroom, roused him and, observing that his wrists were slit and his elbow injured, placed him under arrest, called an ambulance and began first aid treatment. They did not administer Miranda warnings at that time. The officers also discovered a knife in plain view on the floor. Both in his bedroom and in the ambulance, defendant stated that he wanted to be left alone, he wanted to die and he did not want to go to prison. Miranda warnings were administered to defendant at the hospital and, waiving his rights by asserting that he did not wish to speak with an attorney, he stated that he did not remember if he had raped a woman, that he did not remember if he knew the woman and that he must have been pretty drunk. He indicated, however, that he was sorry for what happened and acknowledged that he climbed into the victim's apartment through a back window. Thereafter, defendant's wife executed a consent form and informed the officers where defendant had hidden certain clothes.

Defendant's principal contention on this appeal is that his arrest violated the rule of Payton v New York (445 US 573) which, absent exigent circumstances, prohibits a nonconsensual, warrantless entry into a suspect's home to make a

routine arrest. Defendant argues that although his wife allowed the police to enter the apartment, she did not allow them into defendant's bedroom *(see, United States v Watson,* 423 US 411, 428) and she did not consent to a search or seizure *(see, People v O'Neill,* 11 NY2d 148). The People bear a heavy burden of demonstrating consent *(see, People v Gonzalez,* 39 NY2d 122) and such a determination is one of fact *(see, People v Helstrom,* 50 AD2d 685, *affd* 40 NY2d 914).

We conclude that defendant's wife effectively consented to the officers' entry into the bedroom she shared with her husband since no differentiation was made between their entry into the kitchen and the adjoining bedroom, and she admitted them for the avowed purpose of speaking with her husband. Moreover, since she shared the apartment and the bedroom with her husband, her consent was valid to allow them entry *(see, United States v Matlock,* 415 US 164; *People v Cosme,* 48 NY2d 286, 291). While she did not consent to a search or seizure, the wallet found at the scene of the burglary, the trail of blood there, and the blood and broken glass outside defendant's door, as well as his injuries and the blood on the sheets, provided the officers with an independent basis for a determination of probable cause to arrest defendant *(see,* CPL 140.10 [1] [b]; *People v Landy,* 59 NY2d 369, 375-377). In our view, County Court correctly found that defendant's arrest did not violate his constitutional rights.

Defendant next claims that statements made to police in his bedroom and in the ambulance before *Miranda* warnings were administered should have been suppressed. We disagree. Defendant made such statements spontaneously and not in response to any police questioning, either subtle or overt *(see, People v Garofolo,* 46 NY2d 592, 603-604). County Court properly applied the standard as to whether the statements were triggered by police conduct reasonably anticipated to evoke a declaration from defendant *(see, People v Lynes,* 49 NY2d 286) in finding that the utterances were indeed voluntary.

Similarly unavailing is defendant's contention that the statements he made after the administration of *Miranda* warnings were inadmissible *(see,* CPL 60.45 [2]). County Court correctly determined that defendant knowingly and intelligently waived his rights, gave a short statement to police and, as soon as he said he should say no more until he talked with his mother, his rights were scrupulously honored.

Next, we reject defendant's contention that the seizure of the knife and clothing was improper. The knife was discovered in plain view by the arresting officers, who were permissibly

in the bedroom. Defendant's wife executed a consent form at the hospital after his arrest, informed the officers where he had hidden the clothes and then accompanied the officers to the apartment where she gave the clothing to the police. The voluntariness of consent is measured not by the consenter's subjective state of mind, but by an objective evaluation of four factors: whether the consenter is in custody, the consenter's background, his or her prior cooperation with the authorities and whether he or she was advised of the right to refuse consent (see, People v Gonzalez, 39 NY2d 122, 128-130, supra). Since she was, in effect, waiving her own and not her husband's constitutional rights, defendant's wife clearly had the right to consent to a search of her bedroom (see, People v Carter, 30 NY2d 279). County Court noted that she was not in custody, possessed a ninth-grade education, had been cooperative with authorities and was advised of her right to refuse consent. We agree with County Court's determination that the consent of defendant's wife was voluntary (see, People v Valo, 92 AD2d 1004, appeal dismissed 60 NY2d 588).

Finally, we are not persuaded that the knife, clothing or any of defendant's statements should have been suppressed under the "fruits of the poisonous tree" doctrine (see, Wong Sun v United States, 371 US 471). Since the officers were properly in defendant's bedroom pursuant to his wife's consent, neither the statements nor the physical evidence were tainted by the exploitation of an illegality (see, supra).

Judgment affirmed. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.