■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LOVE, Appellant.—Judgment unanimously reversed on the law, defendant's motion to suppress granted, and new trial

granted. Memorandum: The hearing court erred in denying suppression of evidence seized during a search of defendant's home. The court found that defendant lacked a reasonable expectation of privacy in the areas searched. Defendant, who resided with other members of his family at 224 Roslyn Street and had free access to the entire house, had a reasonable expectation of privacy in those premises *(see, United States v Salvucci,* 448 US 83; *People v Rodriguez,* 69 NY2d 159; *People v Mercado,* 68 NY2d 874, *cert denied* 479 US 1095; *People v Ponder,* 54 NY2d 160). While the evidence seized was located in two upstairs bedrooms, and defendant had chosen to sleep and spend time in the basement area of the home, it was error to limit his expectation of privacy to the basement.

The People contend, alternatively, that the search can be validated as consensual. The hearing court included in its findings of fact that the officers requested permission to search the house and that defendant's mother, who also resided there, "told the police that they could search the house but that she didn't want her son to be hurt." Defendant's mother testified at the hearing that she never consented to the search.

The People bear a heavy burden of demonstrating consent *(see, People v Gonzalez,* 39 NY2d 122), and whether it was freely given is a factual determination *(see, People v Helstrom,* 50 AD2d 685, *affd* 40 NY2d 914). "Consent to search is voluntary when it is a true act of the will, an unequivocal product of an essentially free and unconstrained choice. Voluntariness is incompatible with official coercion, actual or implicit, overt or subtle (see *People v Kuhn,* 33 NY2d 203, 208, *supra; Schneckloth v Bustamonte,* 412 US 218, 224, *supra* * * *)." *(People v Gonzalez, supra,* at 128; *see also, Bumper v North Carolina,* 391 US 543.) Here, while the consent issue was specifically presented, and the hearing court credited the officers' testimony that defendant's mother stated that they could search if they did not hurt her son, the court did not rely on a finding of consent to validate the search. Given the conditional and equivocal nature of the mother's consent, it would be inappropriate for this court to conclude in the first instance that a valid consent to search was given by defendant's mother. We thus grant defendant's suppression motion.

Since a new trial is required, we do not address the other issues raised on appeal beyond noting that the court did not abuse its discretion in ruling on defendant's *Sandoval* motion *(see, People v Sandoval,* 34 NY2d 371). (Appeal from judgment of Supreme Court, Monroe County, Reed, J.—reckless endan-

germent, first degree, and another charge.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.