■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MELETICHE, Appellant.—Casey, J.

On November 14, 1987, defendant was implicated in a series of burglaries that the State Police were investigating. On November 18, 1987, two investigators, in civilian clothes and in an unmarked car, went to the apartment that defendant was then sharing with his sister. His sister answered the officers' knock on the door, admitted them to the apartment and informed defendant that the investigators wanted to talk to him. After a short conversation, the investigators requested that defendant accompany them to the State Police headquarters to discuss the burglaries. Defendant voluntarily accompanied the investigators to headquarters, arriving there at approximately 3:00 P.M.. After receiving his *Miranda* warnings, defendant made a statement admitting his participation in the burglaries. During the interrogation, defendant expressed concern that the incident would adversely affect his parole status.

A *Huntley* hearing was conducted and County Court ruled that the statements made by defendant were admissible. Defendant thereafter entered a plea of guilty to two counts of burglary in the third degree and was sentenced to concurrent terms of 2 to 4 years' imprisonment.

On this appeal, defendant claims a violation of his constitutional rights in two respects: first, that he was wrongfully taken into custody without legal process, and second, his

confession should be suppressed under the fruit of the poisonous tree doctrine. Inasmuch as the investigators were admitted to the apartment by defendant's sister, who was a tenant, we find no merit in defendant's contention that a warrant was required (see, People v Ferry, 140 AD2d 848, 849, lv denied 72 NY2d 956; People v Mertens, 97 AD2d 595). Furthermore, as County Court found, defendant voluntarily accompanied the officers to State Police headquarters, so defendant was not in custody at that time. At headquarters, defendant was fully informed of his Miranda rights and effectively waived them.

As to the second argument, we find the rule of People v Rogers (48 NY2d 167), dealing with defendant's right to counsel, to be inapplicable following defendant's remark which expressed concern about his parole status. The Rogers rule applies to the defendant's right to counsel when other charges are pending—not when such charges have been concluded (People v Colwell, 65 NY2d 883, 885; People v Marshall, 98 AD2d 452, 462). The confessions were properly admitted into evidence by County Court and defendant's judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.