■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERANCE T. CULKIN, Appellant. [650 NYS2d 813] —Peters, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered November 2, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the second degree.

Defendant was indicted for various crimes stemming from a search of his residence, on or about January 10, 1994, which uncovered not only bags of marihuana, but also marihuana plants and other property related to the growing and harvesting of marihuana. Oral and written statements made by him on such date, as well as the tangible evidence seized, became the subject of a suppression hearing. After the proffer of

extensive testimony and documentary evidence, County Court issued a lengthy decision and order denying defendant's motion. Subsequent to the commencement of trial, defendant entered a plea reserving his right to appeal the court's decision on his motion to suppress.

The credible evidence reveals that on January 9, 1994, four men arrived at the residence that defendant had shared with his prior girlfriend, Jane Gershe, to get her possessions. At such time, defendant's former wife, Judy Summers, was present. The men threatened defendant and Summers with a pipe and kitchen knife, and one of them hit defendant in the face after he apparently hit one of their vehicles when attempting to move his car. On their second visit that day, they not only removed the telephone from the residence, but also drove defendant's car into a snowbank and threw his keys into the snow.

The next morning, Summers approached a man plowing the residence of a neighbor to request the use of a telephone to call a locksmith. The man she approached was Deputy Sheriff Douglas Micha, who was off duty. After indicating where she was staying, Micha, who had previously received information concerning defendant's residence and the likelihood that problems might occur, advised her that he could not provide her with access to a telephone since he did not live at the residence where he was plowing.

After contacting the Sheriff's Department, Micha went to defendant's residence dressed in civilian clothes. When Summers answered the door, he identified himself as a Deputy Sheriff. He then told her that he had received information concerning a problem that occurred the night before and would like to talk to defendant. Leaving momentarily, she later returned and invited him in. Micha observed defendant seated at the kitchen table with bruises on his forehead and neck. He noted that defendant acted nervous and scared, and was smoking cigarettes.

After defendant described his encounter with the four men, Micha advised him that he had information that marihuana had been grown at the residence. He then requested permission to look around upstairs. Although defendant initially stated that it was not his residence, after permission was again requested defendant consented. Summers accompanied Micha upstairs where he observed marihuana plants, seeds, grow lights, sprinklers and other assorted equipment involved in the growing and harvesting of marihuana. Micha left the residence and returned with other police officers to ask defendant

if he would sign a written permission to search form. After signing, a full search took place and various property was seized.

Both defendant and Summers were placed under arrest. Defendant, advised of his *Miranda* rights, agreed to talk. As he was being transported to the Schoharie County Public Safety Building, he was again read his *Miranda* rights and, upon arrival at such building, given his *Miranda* rights for the third time. Defendant then gave a statement, signing it after it was typed.

We find, upon the facts here presented, that County Court correctly determined that defendant's written statements were admissible. Clearly, defendant was fully advised of his *Miranda* rights, had signed a written acknowledgement and waiver of said rights, had never asked for an attorney or asserted his right to remain silent, and had read over, corrected and signed such statement. We further find the court to have correctly concluded that defendant, free of custodial impediment, voluntarily gave both oral and written consent to the search of his residence. This warranted the denial of the motion to suppress the tangible evidence seized therefrom (*see, People v Gonzalez*, 39 NY2d 122; *People v Luciano*, 213 AD2d 729; *People v Ferry*, 140 AD2d 848, *lv denied* 72 NY2d 956).

Similarly unavailing is defendant's attempt to allege constitutional error by the seeming misrepresentation of Micha when he went to defendant's residence under the guise of discussing the assault of the night before. We note that Micha had, at all times, identified himself as a police officer and that defendant never attempted to limit his access to the premises or revoke his consent to the search after being informed that Micha had information that there was a marihuana growing operation being conducted at the home. Finding no basis to suppress the evidence seized (*see, People v Yukl*, 25 NY2d 585), we conclude that even had the authorities engaged in a ruse to provide them with access to defendant's residence, the strategies here employed were "not so fundamentally unfair as to have deprived the defendant of his due process rights" (*People v Tankleff*, 199 AD2d 550, 553, *affd* 84 NY2d 992).

Finally, we are compelled to comment upon the failure of the District Attorney to comply with appropriate time frames in filing a brief in this matter. It appears that notwithstanding repeated reminders by this Court concerning his obligation to timely comply with his legislative mandate (*see*, County Law § 700 [1]), no brief was submitted until the date that this matter was calendared for submission. Even then, the District At-

torney attempted to file the brief without requesting an extension. While we did accept the six-page brief, after requesting and reviewing an explanation, we find this conduct to be inappropriate.

Cardona, P. J., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.