■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABEL ALDRICH, Appellant. [674 NYS2d 133] —Mikoll, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered March 15, 1996, upon a verdict convicting defendant of the crime of unlawful imprisonment in the first degree.

Defendant was convicted after a jury trial of the lesser included offense of unlawful imprisonment in the first degree upon an indictment charging him with kidnapping in the first degree and murder in the second degree. He was sentenced to 1⅓ to 4 years' imprisonment.

The record reveals that defendant and several others allegedly abducted, bound, stabbed and strangled the victim and abandoned him in a remote area of Washington County where he died in May 1995. In August 1995, one of the accomplices made a statement to authorities detailing the incident and implicating defendant. The body of the victim was located on August 4, 1995, the day following the statement. The State Police thereafter waited near defendant's home and stopped his vehicle based on the information provided by the statement of the accomplice and discovery of the body. After his arrest defendant was interviewed by police from 3:00 P.M. to about 10:00 P.M. when he allegedly gave a voluntary statement of the circumstances surrounding the victim's death which he signed and initialed. Defendant was then arraigned at 10:30 P.M.

A joint *Huntley/Mapp* hearing was thereafter held on defendant's motion to suppress his statement and other evidence removed from his home upon execution of a search warrant on August 6, 1995. County Court denied the motion for suppression. Defendant appeals his conviction.

Defendant primarily argues that County Court erred in admitting his statement into evidence in that the People failed to prove it was voluntarily given. "[W]here there are conflicting inferences to be drawn from the proof, the choice of inferences is for the trier of the facts. And that choice is to be honored unless unsupported, as a matter of law' " (*People v Yukl*, 25 NY2d 585, 588, quoting *People v Leonti*, 18 NY2d 384, 390). In reviewing County Court's finding, great deference is to be accorded to findings of the trier of the facts because that court "had the opportunity to see and hear the witnesses" (*People v Flores*, 153

AD2d 585, *lv denied* 75 NY2d 770). Thus, County Court's finding of voluntariness may be rejected "only where such a finding is premised on clearly insufficient evidence" (*People v Leonti*, *supra*, at 390).

County Court was presented with clearly conflicting evidence at the suppression hearing and had to make a determination of the credibility of the witnesses. County Court's reliance on the People's witnesses supports its denial of defendant's motion. The record indicates that the State Police had probable cause for an arrest based on the statement of the accomplice and the finding of the body of the victim. There was also testimony that the arrest and subsequent interrogation of defendant indicated that the police followed proper police procedure. Defendant's signing and initialing of his statement also supported the finding of vountariness.

Defendant's claim that the State Police violated his rights by electing to wait for an opportunity to stop him while he was driving his vehicle is irrelevant. The due process rights of defendant were not violated as a search warrant was later obtained for the seized automobile (*see, People v Culkin*, 233 AD2d 672). Considering the totality of the circumstances the statement was properly found to be voluntary and the motion to suppress was properly denied (*see, People v Anderson*, 42 NY2d 35; *People v Fischl*, 182 AD2d 699).

We have considered defendant's other arguments for reversal and find them without merit.

Cardona, P. J., Mercure, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.