■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENIA E. TATIS, Appellant. [694 NYS2d 199] —Crew III, J. Appeal

from a judgment of the County Court of Broome County (Mathews, J.), rendered January 30, 1998, convicting defendant following a nonjury trial of the crime of criminal possession of a controlled substance in the first degree.

During routine drug surveillance of a bus terminal located in the City of Binghamton, Broome County, police arrested and seized cocaine from Katie Leach. Leach then implicated defendant as her accomplice in transporting the cocaine from New York City and, based upon this information, defendant subsequently was arrested and charged with the crime of criminal possession of a controlled substance in the first degree. Following a pretrial hearing, County Court determined that probable cause existed for defendant's warrantless arrest and denied her motion to suppress a statement made by her and certain physical evidence seized at the time of her arrest. A bench trial ensued, at the conclusion of which defendant was convicted as charged and sentenced to an indeterminate term of imprisonment of 15 years to life. Defendant now appeals.

Initially, we reject defendant's contention that County Court erred in denying her motion to suppress the physical evidence seized at the time of her arrest because the police lacked probable cause to make such arrest. The record reflects that two City of Binghamton police officers, in an unmarked car, observed defendant and Leach separately disembark a bus from New York City, each looking furtively around the station. Defendant and Leach then united and entered a taxi cab, which the officers followed downtown where the cab stopped and defendant alighted. The cab continued on to a McDonald's restaurant where Leach got out. The officers entered the restaurant and were advised by employees that a female answering to Leach's description had just run into the restroom. The officers entered the restroom, recovered a quantity of cocaine from a wastebasket and arrested Leach.

At police headquarters, Leach gave a statement in which she acknowledged transporting cocaine from New York City to Binghamton and stated that defendant paid her to do so. She further stated that before getting out of the cab, defendant told her to meet defendant at McDonald's. The police then learned that a female answering defendant's description had been in McDonald's. Not long thereafter, the officers located defendant in the vicinity of McDonald's, stopped her, and requested and obtained identification. When, upon further inquiry, defendant denied knowing Leach, the officers arrested her and, upon searching her pocketbook, found and seized a piece of paper with a local telephone number and the words "2 grams".

Clearly, given the information provided by Leach, the police had an articulable reason to approach defendant and make inquiry as to her identity (*see, People v Hollman*, 79 NY2d 181, 190-191). Having ascertained that defendant indeed was the person implicated by Leach, probable cause existed for defendant's arrest (*see, People v Aldrich*, 243 AD2d 856, 857, *lv denied* 91 NY2d 888).

We likewise reject defendant's contention that County Court erred in failing to suppress a statement given by her to the police. The record reflects that at the time of her arrest, defendant was advised that it was based upon the cocaine found on Leach, to which she replied, "How could you arrest me, I don't have anything on me." County Court properly found such statement to be admissible on the basis that it was spontaneous and not provoked or encouraged by police action (*see, People v Poette*, 229 AD2d 796, 797, *lv denied* 88 NY2d 1071).

Finally, we find equally unpersuasive defendant's contention that Leach's accomplice testimony was insufficiently corroborated. While it is true, as defendant contends, that a good deal of the corroborative evidence was subject to innocent interpretation, taken together it "so harmonize[d] with the accomplice's narrative as to have a tendency to furnish the necessary connection between defendant and the crime" (*People v Dixon*, 231 NY 111, 117). We have considered defendant's remaining contentions and find them to be equally without merit.

Cardona, P. J., Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.