■ The People of the State of New York, Respondent, v Joshua XX., Appellant. [715 NYS2d 788] —Spain, J. Appeal from

a judgment of the County Court of Schuyler County (Argetsinger, J.), rendered June 9, 1999, which sentenced defendant upon his adjudication as a youthful offender.

Defendant was indicted on two counts of grand larceny in the third degree involving the theft of a motorcycle and a snowmobile. Investigators with the Schuyler County Sheriff's Department went to defendant's residence with a search warrant which was based on a sworn affidavit by the snowmobile owner indicating that he observed his stolen snowmobile on defendant's property. The investigators were met by defendant's brother who was shown the search warrant, although he claimed that he was not permitted to read it. He stated that he lived at the residence, purportedly gave the investigators verbal and written permission to search the premises and reported that defendant may have stolen the property. In the course of the search, parts and accessories to a motorcycle and the snowmobile were seized and a search warrant inventory was filed a week later with the issuing local criminal court.

On the day of the search one of the investigators located defendant at his high school and transported him to the Sheriff's Department where he read defendant his *Miranda* rights and defendant signed both a waiver of rights form and an inculpatory written statement regarding the two thefts. Defendant moved to suppress the physical evidence seized from his home and his written statement. County Court held that while the consent by the brother to search the property was invalid, the search and seizure were pursuant to a valid search warrant and defendant's statement to police was voluntarily made only after being advised of his *Miranda* rights. Following the court's denial of defendant's suppression motion, defendant pleaded guilty to a reduced charge of attempted grand larceny in the third degree, but preserved his right to appeal the court's decision regarding his suppression motions. At sentencing, defendant's conviction was converted to a youthful offender adjudication, he was placed on probation for five years and ordered to pay $3,500 in restitution. Defendant now appeals.

We affirm. Defendant's assertion that the validity of the search warrant was not addressed at the suppression hearing is without merit. The prosecution apprised defendant of the existence of the search warrant 20 days before the suppression hearing and provided defendant with a copy of the search warrant prior to the hearing. The search warrant was received in evidence without objection through the investigator who obtained and executed it and that investigator was cross-examined with respect to obtaining and returning the warrant.

Although the prosecution relied heavily on the brother's consent to search at the suppression hearing, the validity of the search warrant was clearly before the suppression court and there is nothing in the record to support defendant's assertion that only the validity of the consent was addressed. County Court's offer—rejected by defendant—to reopen the suppression hearing so as to afford defendant an opportunity to further pursue his challenge to the search "to overcome any possible surprise" is not viewed by this Court as a concession that the prosecution did not meet its burden at the suppression hearing. The record supports County Court's determination that the property was seized pursuant to a properly executed and valid search warrant (see, CPL art 690).

We also conclude that defendant's motion to suppress his written statement was properly denied. Although "statements result[ing] from an initial police illegality [must be] suppressed as the fruit of a poisonous tree" (People v Campbell, 121 AD2d 121, 126, lv denied 69 NY2d 878), the search and seizure here were proper and, thus, the challenged statement was not tainted by any illegal conduct. Defendant's contention that the statement was otherwise involuntary also lacks a basis in the record. "[T]he voluntariness of a statement is generally 'a question of fact to be determined from the totality of the circumstances' " (People v Miller, 244 AD2d 828, quoting Matter of James OO., 234 AD2d 822, 823, lv denied 89 NY2d 812), and great weight will be given to the factual findings of the court hearing the suppression evidence (see, People v White, 261 AD2d 653, 654, lv denied 93 NY2d 1029). Where, as here, conflicting evidence is presented on the issue of voluntariness, it is for the suppression court to make a determination as to the credibility of the witnesses (see, People v Aldrich, 243 AD2d 856, 856-857, lv denied 91 NY2d 888).

Here, defendant testified at the suppression hearing that during a 20 to 25-minute interview at his high school, the investigator informed him that stolen property was found at his residence, that he had proof that "he did things" and that he was threatened with arrest all before being informed of his rights. Defendant further testified that, during the car ride to the Sheriff's Department, he was questioned about other stolen property. Defendant maintained that once at the Sheriff's Department, he was questioned further and admitted to committing the crime prior to being advised of his rights.

By contrast, the investigator testified that he explained defendant's rights to him before interviewing him regarding the suspected thefts. Defendant signed a waiver of rights form

and his written statement also contained a recitation of his rights. The investigator's testimony indicated that defendant may have implicated himself in a crime prior to being advised of his rights, when defendant stated that he "didn't want his mother to find out" in response to the investigator informing him that the principal was going to call his mother. The investigator further testified that, prior to the *Miranda* warnings, he told defendant that he wanted to speak to him regarding his possible involvement in some thefts and that defendant implied that he was "involved with that." County Court implicitly found that the investigator's testimony was more credible than that of defendant. Accordingly, the record amply supports County Court's denial of defendant's motion to suppress his written statement.

We have considered defendant's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.